**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Offutt,<br><br>              Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>              Respondents. | No. CV-20-08099-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Jeremy Offutt's ("Petitioner") Amended Petition for Writ of Habeas Corpus (Doc. 5). Magistrate Judge Deborah Fine issued a Report and Recommendation ("R&R") in which she recommended that the Court deny the petition. (Doc. 13.) Petitioner filed objections to the R&R. (Doc. 15.) Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the reasons below, the Court adopts the R&R and denies the petition.

**BACKGROUND**

In 2016, Petitioner pleaded guilty in Arizona state court to four felony charges of Attempted Molestation of a Child in violation of Ariz. Rev. Stat. §§ 13-1410, 13-1001, and 13-705. The state court sentenced Petitioner in accordance with a plea agreement, imposing ten years of imprisonment on Count 1 and lifetime probation for Counts 2, 3, and 4. Petitioner then filed a petition for post-conviction relief ("PCR") in state court, alleging

various grounds to undermine the validity of his plea, among other issues. The PCR was denied, and Petitioner filed an appeal with the Arizona Court of Appeals. Petitioner's appeal involved some but not all of the claims raised in his PCR. The Court of Appeals granted review but denied relief. The Arizona Supreme Court denied Petitioner's request for review in 2019. This petition followed.

The Magistrate Judge adopted the Government's identification of Petitioner's claims and subclaims, (Doc. 9), for ease of reference. She found that Grounds 3c, 5f, and 5i were procedurally defaulted, that Ground 5g was not sufficiently pleaded to support habeas relief, and that Ground 5h did not assert a cognizable claim for federal review. (Doc. 13 at 13.) The R&R considered Grounds 1, 2, 3a, 3b, 4a, 4b, 5a, 5b, 5c, 5d, 5e, and 6 on the merits, and ultimately denied relief. (Doc. 13 at 24, 59–60.) Petitioner filed objections to the R&R but did not object to Ground 3c or any part of Ground 5. (Doc. 15.) Petitioner objected to the remaining Grounds, which the Court now reviews.

## DISCUSSION

**I. Legal Standard**

    **A. Review of the R&R**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### B. Habeas Corpus Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" Supreme Court precedent if the "state court confront[ed] a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrive[d] at a result different from [Supreme Court] precedent." *Vlasak v. Super. Ct. of Cal. ex rel. Cnty. of Los Angeles*, 329 F.3d 683, 687 (9th Cir. 2003) (alterations in original). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but 'objectively unreasonable.'" *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). It is not enough that independent review of the legal question leaves a court with "a firm conviction that the state court decision was erroneous." *Id.*

### II. Analysis

The Court will not review the issues decided by the R&R but not objected to by Petitioner. The remaining grounds are as follows: (1) whether the indictment was sufficient to put Petitioner on notice of the sentencing enhancement in Ariz. Rev. Stat. § 13-705; (2) whether the state court failed to find all essential elements necessary to trigger the § 705 sentencing enhancement; (3) whether Petitioner's plea was made unintelligently; (4) whether Petitioner's being held without bond pursuant to an unconstitutional statute violates the Fifth Amendment; and (5) whether the state court erred in failing to conduct an *Anders* review of the record during the PCR proceedings. (Doc. 5); (Doc. 13.)

**A. Ground 3**

Objections Two through Seven and Objections Twelve and Fourteen relate to Ground 3, which challenges the validity of Petitioner's plea. (Doc. 15 at 3–6); (Doc. 5 at 8.) Petitioner was originally charged with one count of sexual conduct with a minor and one count of continuous sexual abuse of a child. (Doc. 9-1 at 3.) Pursuant to his plea agreement, Petitioner pleaded guilty to four counts of Attempted Molestation of a Child in violation of Ariz. Rev. Stat. § 13-1410. (Doc. 9-1 at 5.) Section 1410 states that the offense "is punishable pursuant to § 13-705."[1] Section 705 is Arizona's Dangerous Crimes Against Children ("DCAC") statute that prescribes a sentence enhancement for various offenses committed against children. Petitioner contends that the DCAC enhancement is discretionary, and that he was entitled to know of the possibility of an unenhanced sentence prior to agreeing to the enhanced sentence in the plea agreement. (Doc. 5 at 8.)

**1. There Was No Unenhanced Option**

The Arizona Supreme Court's decision in *State v. Williams* forecloses the possibility of an unenhanced sentence in Petitioner's case. 175 Ariz. 98, 854 P.2d 131 (1993). There, the defendant was convicted of aggravated assault for crashing his truck into the back of a station wagon. *Id.* at 99, 854 P.2d at 132. A fourteen-year-old boy was injured in the incident, and the defendant was sentenced pursuant to the DCAC enhancement. *Id.* The Arizona Supreme Court vacated the sentence, holding that "something more" than the age of the victim was needed to trigger the enhancement. *Id.* at 102, 854 P.2d at 135. In addition to the offense being committed against a child, "the defendant's conduct must be focused on, directed against, aimed at, or target a victim under the age of fifteen." *Id.* at 103, 854 P.2d at 136. Notably, however, the court stated that the "targeting" requirement would "rarely be an issue given the nature of the crimes" subject to DCAC, including "sexual assault, molestation, [and] sexual conduct." *Id.* at 104, 854 P.2d at 137. "The issue we resolve only arises in that rare case when, as here, an enumerated offense can be committed by unfocused actions, whether intentional, knowing or reckless in nature." *Id.*

---

[1] The charged counts also included the "punishable" language instead of using "shall" or "must." Ariz. Rev. Stat. §§ 13-1405, 13-1406, 13-1417.

The straightforward holding of *Williams* bars Petitioner's claims. Even if the DCAC enhancement required the finding of an additional fact that may not have been made explicitly apparent to Petitioner, that fact is clearly present in the charged and pleaded-to offenses. Unlike aggravated assault, which could, depending on the facts, be "committed by unfocused actions," molestation, sexual conduct, and continuous sexual abuse of a child all inherently require the targeting of a victim.[2] Each offense requires intentional or knowing sexual intercourse, oral sexual contact, or sexual contact.[3] Inherent in intentional or knowing sexual conduct is "targeting" the victim. These offenses are not committed by "unfocused actions" like the car-related assault in *Williams*; these offenses are intentionally committed to achieve a specific result that can only be achieved by the physical involvement of a victim. The nature of these offenses inherently involves a "targeting" element as contemplated by the Arizona Supreme Court in *Williams*. *Id.* at 104, 854 P.2d at 137. Therefore, had a jury found Petitioner guilty of the charged offenses at trial, it would inherently have found him guilty of having targeted the victim, who was a child, triggering the DCAC enhancement. In other words, an unenhanced sentence was never available to Petitioner due to the nature of the charges of the indictment and his plea agreement. For that reason, Petitioner's Objections Six and Seven[4] are overruled.

---

[2] Section 1405 requires the Government to prove that the defendant "intentionally or knowingly engag[ed] in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." Section 1406 requires the Government to prove that the defendant "intentionally or knowingly engag[ed] in sexual intercourse or oral sexual contact with any person without consent of such person." Section 1410 requires the Government to prove that the defendant "intentionally or knowingly engag[ed] in or caus[ed] a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age." Section 1417 requires the Government to prove that the defendant, "over a period of three months or more in duration[,] engage[d] in three or more acts in violation of § 13-1405, 13-1406 or 13-1410 with a child who is under fourteen years of age."

[3] The Court will refer to sexual intercourse, oral sexual contact, or sexual contact collectively as "sexual conduct" for ease of reference.

[4] Objection Six objects to the R&R's calculation of sentence exposure at trial, which included the sentence enhancement. (Doc. 15 at 6.) Because this was proper, the objection is overruled. Objection Seven relates to Petitioner's understanding of the enhanced versus unenhanced options when he pleaded guilty. (Doc. 15 at 6.) Because no unenhanced option exists, this objection is also overruled.

### 2. DCAC Is Not Discretionary

Petitioner's Objections Three and Five are also overruled. The crux of these objections is that the R&R erred by finding the DCAC enhancement discretionary. (Doc. 15 at 4–6.) Although the statutes at issue say "punishable pursuant to" instead of "shall be" or similar language, the Arizona courts, including the Arizona Supreme Court, have repeatedly referred to the DCAC enhancement as mandatory. *See, e.g.*, *State v. Davis*, 206 Ariz. 377, 381, 385, 79 P.3d 64, 68, 72 (2003) (referencing the "mandatory sentencing provisions of the Dangerous Crimes Against Children Act" and the "mandatory sentences imposed" under DCAC); *State v. Castillo-Cervantes*, No. 1 CA-CR 19-0460, 2020 WL 7624849, at *1 (Ariz. Ct. App. Dec. 22, 2020) (citing the DCAC statute and referring to the statute as a "mandatory minimum"); *State v. Crego*, 154 Ariz. 278, 279, 742 P.2d 289, 290 (Ct. App. 1987) ("[DCAC] mandates a presumptive prison term . . . ."), *disapproved of on other grounds*, *State v. Jonas*, 164 Ariz. 242, 792 P.2d 705 (1990); *State v. Bartlett*, 164 Ariz. 229, 231, 792 P.2d 692, 694 (1990) (referring to DCAC as a "mandatory minimum sentence"), *vacated*, 501 U.S. 1246 (1991), *aff'd on reh'g*, 171 Ariz. 302, 830 P.2d 823 (1992). Moreover, the Arizona Court of Appeals has explicitly stated that "[t]he sentences specified in § 13–[705] are mandatory, and trial courts have no option to sentence a person convicted of the crimes encompassed therein under any other section." *State v. Smith*, 156 Ariz. 518, 525, 753 P.2d 1174, 1181 (Ct. App. 1987), *disapproved of on other grounds*, *Jonas*, 164 Ariz. 242, 792 P.2d 705; *see also Bartlett*, 164 Ariz. at 233; 792 P.2d at 233 ("[T]he court was *required* to apply the more stringent sentencing provisions of the dangerous crimes against children act." (emphasis added)). Therefore, DCAC is not discretionary, and Petitioner's Objections Three and Five are overruled.

Objections Four, Twelve, and Fourteen are likewise overruled. These objections argue that the felony classifications in the sex-offense statutes would be superfluous if the DCAC enhancement was not discretionary. (Doc. 15 at 4–5.) However, as discussed above, the Arizona courts have consistently treated the DCAC enhancement as mandatory.

Even if the statute's language is ambiguous,[5] the Court must defer to Arizona courts' interpretations of Arizona statutes. *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1124 (9th Cir. 2021) ("When interpreting state law, we are bound to follow the decisions of the state's highest court . . . .")  Because this Court is not the final interpretative authority for Arizona statutes, it must defer to the Arizona Supreme Court's explicit holding in *Williams* and *Sepahi* that "targeting" is the enhancement fact for all DCAC crimes.  For that reason, the Court holds that DCAC is not discretionary, and that the DCAC-eligible offenses at issue are not subject to two alternative sentencing schemes.  Petitioner's objections are overruled.[6]

Finally, Objection Two argues that because the Arizona Supreme Court can vacate a DCAC sentence, that means the enhancement is discretionary.  (Doc. 15 at 3–4.)  Petitioner misunderstands the law.  All state criminal sentences are subject to the Eighth Amendment's prohibition against "cruel and unusual punishments."  *See Jones v. Mississippi*, 141 S. Ct. 1307, 1314 (2021); U.S. Const. amend. VIII.  Petitioner's cited cases apply the Eighth Amendment to DCAC cases and vacate those sentences when they violate the Constitution.  *Bartlett*, 164 Ariz. 229, 792 P.2d 692; *Bartlett*, 171 Ariz. 302, 830 P.2d 823; *Davis*, 206 Ariz. 377, 79 P.3d 64.  That power exists regardless of whether the sentence is imposed under DCAC or any other state sentencing provision.  The state supreme court's power to vacate is, therefore, irrelevant to whether the DCAC enhancement is mandatory or discretionary.

---

[5] Petitioner argues that if the DCAC enhancement "replace[s]" the usual felony classification scheme for sentencing, then it would render the felony classification in the sex-offense statutes superfluous because "targeting" is inherent in those offenses. (Doc. 15 at 4–5, 11–12.)  In other words, there would be no reason to include the felony classification if the DCAC enhancement was always applicable. *Williams*, 175 Ariz. at 102, 854 P.2d at 135.  However, this issue seems to have been resolved by the Arizona Supreme Court after its decision in *Williams*.  In *Wright v. Gates*, 243 Ariz. 118, 402 P.3d 1003 (2017), the Arizona Supreme Court held that the DCAC enhancement applies only when there is an actual child victim, and not in cases involving a fictious child.  Therefore, in cases involving a fictitious child, the usual felony classification system would apply, giving meaning to the felony classification in the sex-offense statutes.

[6] To the extent Objection Fourteen restates the premise articulated in Objection Eight, Objection Fourteen is overruled for the same reasons as Objection Eight.

Because neither the Arizona Court of Appeals nor the Magistrate Judge erred by failing to invalidate Petitioner's plea agreement, his objections on this point are overruled, and the R&R is adopted.

**B. Ground 1**

Petitioner's Objections One, Eight, Ten, Eleven, and Fifteen relate to Ground 1, which is that Petitioner did not receive adequate notice of the crimes on which he was indicted because the indictment did not allege "all essential elements." (Doc. 5 at 6.)

Objection One takes issue with the R&R's use of the phrase "subject to" in reference to the DCAC enhancement because he believes it makes the DCAC enhancement seem mandatory, undermining his argument that is discretionary. (Doc. 15 at 2–3.) However, the very language that Petitioner objects to—"subject to"—is present in several Arizona cases referencing DCAC. *Crego*, 154 Ariz. at 280, 742 P.2d at 291 ("All persons convicted of offenses against children . . . are *subjected to* the penalties which were imposed upon appellant." (emphasis added)); *State v. Sepahi*, 206 Ariz. 321, 324, 78 P.3d 732, 735 (2003) ("[T]he superior court correctly concluded that he was *subject to* the special sentencing provisions of [DCAC]." (emphasis added)); *State v. Mora*, No. 1 CA-CR 19-0342, 2021 WL 4437487, at *1 (Ariz. Ct. App. Sept. 28, 2021) ("Under Arizona law, dangerous crimes against children are *subject to* special sentencing requirements under A.R.S. § 13-705." (emphasis added)). Regardless of what the Arizona legislature subjectively intended, this Court is bound by the interpretation of the Arizona Supreme Court on matters of state law. *Tabares*, 988 F.3d at 1124. The Magistrate Judge, therefore, did not err in using the more mandatory language "subject to" that was used by the state supreme court. Objection One is overruled.

Next, Objection Eight takes issue with whether the "targeting" element described in *State v. Williams* applies in cases where the charges relate to sexual misconduct with a child as opposed to aggravated assault. (Doc. 15 at 8.) He points to one *Williams* quote in particular: "The issue we resolve only arises in that rare case when, as here, an enumerated offense can be committed by unfocused actions, whether intentional, knowing or reckless

in nature." 175 Ariz. at 104, 854 P.2d at 137. Although, as discussed above, this case does not fall into the class that can be committed by "unfocused actions," Petitioner overlooks the first sentence of the paragraph: "As a practical matter, the question of whether the child victim is the target of the defendant's criminal conduct will rarely be an issue given the nature of the crimes listed in § 13–[705]." *Id.* at 103–04, 854 P.2d at 136–37. The Arizona Supreme Court is merely restating the holding above that in most circumstances, although "targeting" is still required, it will "rarely" be a contested issue because some crimes inherently require a "targeting" element. Moreover, the Arizona Supreme Court clarified the standard in *Sepahi*: "[I]n order to prove that a defendant has committed a dangerous crime against a child, the State *must* prove that the defendant committed one of the statutorily enumerated crimes and that his conduct was 'focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen.'" *Sepahi*, 206 Ariz. at 324, 78 P.3d at 735 (emphasis added) (quoting *Williams*, 175 Ariz. at 103, 854 P.2d at 136). Petitioner's objection is overruled.

Objections Ten and Eleven argue that the essential fact for the DCAC enhancement cannot also be implied as an element of the offense in the indictment. (Doc. 15 at 10.) Petitioner provides no citation for this argument, and the Arizona Supreme Court has flatly rejected it: "Appellant would have us hold that double jeopardy and double punishment prohibitions prevent the legislature from considering an element of a crime more than once in exercising its authority to prescribe punishment for a single crime. *We decline to do so*." *State v. Bly*, 127 Ariz. 370, 371, 621 P.2d 279, 280 (1980) (emphasis added). That holding has been reaffirmed by this very district. *Harm v. Ryan*, No. CV 18-01072-PHX-JJT (MHB), 2019 WL 9088077, at *12 (D. Ariz. June 24, 2019).[7] The Magistrate Judge did not err in so finding, and Petitioner's objections are overruled.

Objection Fifteen argues that the Magistrate Judge erred by holding that the jury did

---

[7] Although an element of an offense cannot be used to aggravate a sentence above the statutory range—as opposed to merely triggering a higher range of sentences—no aggravation occurred here. *State v. Alvarez*, 205 Ariz. 110, 113–14, 67 P.3d 706, 709–10 (Ct. App. 2003). Petitioner was given the presumptive sentence pursuant to the DCAC sentencing range.

- 9 -

not have to specifically find "targeting" in order for the DCAC enhancement to apply. (Doc. 15 at 12–13.) However, as explained above, "targeting" is inherent in the offenses with which Petitioner was charged, and the offense to which Petitioner ultimately pleaded guilty. His objection is overruled.

### C. Ground 2

Petitioner's Objections Nine and Thirteen are related to Ground 2 of the Petition, which alleges that the trial court failed to find the essential elements necessary to establish the sentencing enhancement. (Doc. 5 at 7.) Petitioner also argues that an essential element of the offense cannot also establish the triggering fact for the enhancement without violating double jeopardy. (Doc. 15 at 11–12.)

Objections Nine and Thirteen are overruled because of the explanation above that it does not violate double jeopardy to use an element of an offense as the trigger for a sentencing enhancement.[8] The sentencing judge also made sufficient factual findings to support the enhancement. Petitioner admitted that he had "attempt[ed] to engage in sexual conduct," and had "hand-to-genital" contact, "masturbated the victim," and had "hand-to-over-the-clothing contact, in the genital area." (Doc. 9-3 at 131–32.) That is sufficient to establish "targeting"; attempting to sexually touch the victim inherently requires a targeting of or focus on that victim. Petitioner's objections are overruled.

### D. Ground 4

Objection Sixteen relates to Ground Four, which alleges that Petitioner was held in pretrial detention pursuant to a statute that was later declared unconstitutional. (Doc. 5 at 9.) Petitioner contends that this constitutes "punishment" and that double jeopardy bars his current sentence because he has already been "punished" for the same conduct. (Doc. 15 at 14.) Petitioner was denied bail pursuant to Ariz. Rev. Stat. § 13-3961, which was later declared unconstitutional. (Doc. 16 at 21.) However, the Arizona Supreme Court has explicitly stated that § 13-3961 is regulatory, not punitive. *Simpson v. Miller*, 241 Ariz. 341, 347, 387 P.3d 1270, 1276 (2017) ("As a threshold matter, we conclude that the

---

[8] Moreover, the superfluidity issue Petitioner raises was resolved by the Arizona Supreme Court in *Wright*, as explained *supra* note 5.

challenged provisions are regulatory, not punitive . . . ."). Petitioner has asserted no facts that would demonstrate his detention crossed the line into punishment under a facially regulatory statute, *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021), nor has he cited any legal authority that would undermine the Arizona Supreme Court's analysis of the Arizona statute. Therefore, Petitioner has not shown his pretrial detention amounted to "punishment" in violation of the due process clause or double jeopardy clause. Petitioner's Objection Sixteen is overruled.

### E.  Ground 6

Objection Seventeen relates to Ground 6, which is whether the state court erred by not conducting an *Anders* review during Petitioner's PCR proceedings. The requirements of *Anders* review are discussed cogently in the R&R, (Doc. 13 at 47–53), and the Court will not repeat the analysis here. Petitioner's objection is that the Magistrate Judge erred by overstating Petitioner's advisory counsel's role in the PCR proceedings. (Doc. 15 at 14–15.) Regardless of the participation or non-participation of advisory counsel, however, the record demonstrates that the PCR court conducted an *Anders* review: "The Court has searched the record for *any basis* for post-conviction relief and finds none. Based upon the pleadings and the information in the Court's file, the Court concludes that no purpose would be served by any further proceedings." (Doc. 9-3 at 69 (emphasis added).) Because Petitioner's objection is irrelevant to the underlying claim, it is overruled.

### CONCLUSION

Petitioner has failed to establish that the Arizona courts unreasonably applied federal law. Because his objections have all been overruled, the Court adopts the R&R and denies the petition.

**IT IS ORDERED** that Petitioner's Objections to the Report and Recommendation (Doc. 15) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 2, 2021 Report and Recommendation of United States Magistrate Judge Deborah M. Fine (Doc. 13) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of

1  Habeas Corpus (Doc. 5) is **DENIED** and **DISMISSED** with prejudice.

2  **IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this
3  action and enter judgment accordingly.

4  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing
5  Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a
6  certificate of appealability because reasonable jurists would not find the Court's procedural
7  ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

8  Dated this 4th day of January, 2022.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge